IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHERYL KING,<br><br>             Plaintiff,<br><br>    v.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S RESORT ATLANTIC CITY, JOHN DOE(S) 1-10 (FICTICIOUS PERSONS), ABC CORPORATIONS 1-5 (FICTITIOUS ENTITES)<br><br>             Defendants. | Civil Action<br>No. 1:21-CV-10924-KMW-AMD<br><br>**OPINION** |

Regina M. McIlvaine, Esquire
Lowenthal & Abrams, P.C.
385 Kings Highway North
Cherry Hill, NJ 08034

    *Counsel for Plaintiff Cheryl King*

Michelle B. Cappuccio, Esquire
Tracey McDevitt Hagan, Esquire
Reilly, McDevitt Henrich, P.C.

    *Counsel for Defendant Harrah's Atlantic Operating Company, LLC d/b/a Harrah's Resort Atlantic City*

**WILLIAMS, District Judge:**

    **I.**    **INTRODUCTION**

This matter comes before the Court by way of the Motion for Summary Judgment filed by Defendant Harrah's Atlantic City Operating Company d/b/a Harrah's Resort Atlantic City

("Defendant") pursuant to Fed. R. Civ. P. 56. The Motion is opposed by Plaintiff Cheryl King ("Plaintiff"), who claims that Defendant is liable to her for negligence in an alleged trip-and-fall incident that occurred at one of its resorts. For the reasons set forth below, Defendant's Motion is granted.

II.     BACKGROUND

On May 14, 2019, Plaintiff was a guest at Defendant's resort in Atlantic City, New Jersey. *See* Def.'s Statement of Material Facts ("Def.'s SMF") ¶¶ 1, 4. While walking through her hotel room, Plaintiff hit her leg on the corner of the bed frame, causing her to trip and hit her head on a wall. Def.'s SMF ¶ 1; *see also* (EFC No. 35-7, Ex. B at 12). According to Plaintiff, the corner of the bed frame was "improperly exposed" and thus created a dangerous tripping hazard. *See* Compl. ¶ 9. Prior to her fall, Plaintiff had slept in the room at least once and had not reported any issues with the bed or the bed frame until after she fell. *See* Def.'s SMF ¶¶ 6–7. Plaintiff further claims that Defendant is liable for her injuries in negligence because it knew of the alleged defect in the bed frame prior to her stay but had never sought to correct it. *See* Compl. ¶¶ 11–13.

III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a]

dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial*.''" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *See Anderson*, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.    DISCUSSION

To prevail on a claim of negligence under New Jersey law, a plaintiff must prove (1) that the defendant had a duty of care, (2) the defendant breached its duty of care, (3) proximate cause, and (4) actual damages. *See Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). Concerning the first prong, "[i]t is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm." *Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 729 (D.N.J. 2016) (internal quotation marks omitted). Here, the Parties do not dispute that

Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition. Rather, the instant Motion turns on the second prong—whether Plaintiff can adequately demonstrate that Defendant breached its duty.

To establish a breach of the duty of care, a plaintiff must prove "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). This inquiry "is dependent upon [an] injury being caused by a dangerous condition of [the] property, which involves an unreasonable risk of harm." *Longo v. Aprile*, 865 A.2d 707, 710 (N.J. Super. Ct. App. Div. 2004). But "[n]ot every property condition on which persons can hurt themselves is unreasonably dangerous or hazardous." *Braboy v. United States*, No. 16-3105, 2018 WL 2002789, at *5 (D.N.J. Apr. 30, 2018) (internal quotation marks omitted). Indeed,

> [i]f ordinary persons who are likely to encounter a condition may be expected to take reasonable care without further warnings, and if the condition is plainly visible with no unusual features and in a place where they would naturally look for it, then the condition is not unreasonably dangerous.

*Robertson v. Cousins Wholesale Produce, Inc.*, No. A-0515-08T2, 2010 WL 2867928, at *3 (N.J. Super. Ct. App. Div. July 20, 2010); *see also Connors v. Wal-Mart Stores Inc.*, No. 17-9390, 2020 WL 2899193, at *4 (D.N.J. June 3, 2020) (holding that store's advertisement sign was not a dangerous condition as a matter of law because it was "neither broken, defective, nor damaged" and was "plainly visible"); *Brooks v. Wal-Mart Stores, Inc.*, 854 F. App'x 422, 426 (3d Cir. 2021) (holding that two shopping carts and a shoe bench partially obstructing clothing aisle did not constitute foreseeably dangerous conditions under New Jersey law).

In this case, the purported "unreasonable risk of harm" arose from an "improperly exposed corner of [a] bedframe." Compl. ¶ 9. Plaintiff does not claim that the bed frame was broken or damaged; or that it was blocking the path she had been walking in her hotel room when she fell;

4

or that the bed frame ever moved from the original position it had presumably always occupied prior to her fall. Rather, she claims it was "defective" insofar as one particular corner "extended out beyond the mattress." Pl.'s Br. at 4. Photos of the bed reveal the corner of a flat, platform bed frame supporting a king size mattress. (ECF No. 35-7 at 10–13).[1]

While it is clear that Plaintiff tripped over a bed frame, the Court fails to comprehend based on the record before it how the bed frame was defective or otherwise posed an unreasonable risk of harm. Beyond her insistence that a tripping hazard existed, Plaintiff has not submitted any evidence suggesting that the danger of this particular bed frame differed from the ordinary risks inherent in any other bed frame. *See Znoski v. Shop-Rite Supermarkets, Inc.*, 300 A.2d 164, 166 (N.J. Super. Ct. App. Div. 1973) (observing that shopping carts "are not dangerous instrumentalities" and "are uniquely suitable for the purpose for which furnished"). Nor has she offered any expert testimony demonstrating that the bed frame created a dangerous condition or that it was contrary to industry standards. *See Carney v. Payless Shoesource, Inc.*, No. A-2680-07T2, 2009 WL 425822, at *2 (N.J. Super. Ct. App. Div. Feb. 24, 2009) (granting summary judgment, in part, due to the absence of expert testimony demonstrating danger of portable shoe bench). In other words, Plaintiff has failed to fully articulate any real defect at all, much less prove the existence of a dangerous one.

However, even if it could be said that the bed frame was indeed defective, "minor imperfections" or "minor defects," like the one Plaintiff ostensibly attempts to illustrate here, "will not give rise to an actionable claim" under New Jersey law. *Brooks*, 854 F. App'x at 425 (internal quotation marks omitted). Regardless, any danger this bed frame could have posed was undoubtedly neutralized by its clear and obvious visibility in the room. Plaintiff has never asserted

---

[1] Though Plaintiff does not articulate as much, it appears from the photos that the mattress may have slightly shifted diagonally on the flat bed frame so as to partially reveal one of its corners, perhaps by a few inches.

that the corner of the bed frame was dangerously concealed, but has quite oppositely cited to its supposed exposure that gave rise to the danger she claims. What is more, at the time of her fall, Plaintiff stated that she was able to "see how to maneuver around" not only because "the lights were probably [ ] on," but also because "[i]t was daylight" and the "curtains were open." *See* Pl.'s Dep. Tr. at 22:7–19. The simple fact that Plaintiff tripped and fell "does not make the [bed frame's] existence or its placement in this case unreasonably dangerous or hazardous as a matter of law." *Connors*, 2020 WL 2899193, at *5 (D.N.J. June 3, 2020). Nor does it "diminish the [bed frame's] plain visibility, the appropriateness of its placement, or lessen the expectation that Plaintiff should have taken reasonable care as [she] walked to avoid this particular injury." *Id.*

Based on these facts, the Court holds that no reasonable jury could find that Defendant had actual or constructive notice of the bed frame as a dangerous condition. "Any reasonably prudent person would observe, in light of the dimensions of the [bed], [its] presence in his or her lane of travel." *Carney*, 2009 WL 425822, at *2. Accordingly, because Plaintiff cannot prove that Defendant breached its duty of care, her negligence claims fail as a matter of law.

## V. CONCLUSION

For the reasons articulated above, Defendant's Motion for Summary Judgment is granted.


Dated: April 24, 2023

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge